UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LACAYO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>　　　　Defendant. | Case No. 19-cv-08369-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 19 |

　　　　BMW's motion to compel arbitration is granted. When Lacayo bought her car, she signed a purchase agreement containing a provision that subjects to arbitration

> any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your . . . affiliates . . . which arises out of or relates to [the] purchase or condition of this Vehicle, this Contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract).

Purchase Agreement, Dkt. 20-1, at 7. The agreement specifies that "me" refers to the Buyer (Lacayo), and "you" and "your" refer to the Seller or the Seller's assignee. *Id.* at 2. The Seller—MINI of San Francisco—assigned its rights in the contract to BMW Financial Services NA. *Id.* at 8. Lacayo is suing neither MINI of San Francisco nor BMW Financial Services, but rather BMW of North America.

　　　　BMW of North America is not a party to the agreement, but it may nevertheless compel

Lacayo to arbitration as an intended third-party beneficiary of the arbitration clause. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 (9th Cir. 2013). BMW of North America owns BMW Financial Services, and the arbitration clause explicitly applies to affiliates of BMW Financial Services. *See* Declaration of Tyler Weight, Dkt. No. 19-1 at 2. Thus, BMW of North America is plainly an intended beneficiary of the clause and may enforce it against Lacayo.

Lacayo's complaint falls entirely within the scope of the arbitration clause. It contains one cause of action: breach of warranty associated with the sale of the car, and so it undoubtedly "arises out of or relates to [the] purchase or condition" of the car. Complaint, Dkt. No. 1-3 at 13–15. Accordingly, the case is dismissed without prejudice. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) ("[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.").

**IT IS SO ORDERED.**

Dated: July 13, 2020

                                  VINCE CHHABRIA
                                United States District Judge